MARYLAND CASUALTY COMPANY, Petitioner, *v.* HON. PABLO JUAN TORO, JUDGE OF THE DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, Respondent; CARLOS ACHA GAVARÍN, Intervener.

No. 1887.   Argued March 9, 1951.—Decided June 26, 1951.

*F. Prieto Azúar* for petitioner.   *F. Fernández Cuyar* for intervener, plaintiff in the main action.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

The Maryland Casualty Company subscribed a policy in favor of Lucinia Cintrón Torres with a $5,000 limit of liability.   Carlos Acha Gavarín, the intervener herein, suffered damages in an accident in which he was run down by an automobile covered by the above-mentioned policy.   In order to recover said damages he brought an action against the company and the insured.   The court *a quo* granted the complaint entering judgment in the amount of $10,034.25, plus costs and the sum of $1,000 as attorney's fees.   On appeal to this Court the judgment was affirmed by a per curiam opinion dated June 16, 1950.

The case having been remanded to the district court, the insurer deposited, in payment for that part of the judgment

for which it considered itself liable, the amount of $5,815.65, $5,000 corresponding to the limit of its liability under the policy, $772.40 to the legal interest on the total amount of the award from May 3, 1949, the date of the judgment, until June 30, 1950, and $43.25 as costs, according to plaintiff's memorandum.

The insured, Lucinia Cintrón, filed then an opposition to the motion of deposit, alleging that the insurance company should also deposit the amount of $1,000 corresponding to attorney's fees. A similar petition was filed by plaintiff Acha. On September 21, 1950 the district court ordered the insurance company to deposit the $1,000 plus legal interest from the date of the original judgment.

We issued the writ to review this action of the district court.

■■ The insurance contract entered into between Lucinia Cintrón and the petitioner herein establishes that the latter shall pay "all costs taxed against the insured in any such suit" and "the amounts incurred under this insuring agreement, . . . in addition to the applicable limit of liability of this policy." Furthermore, it was agreed in said contract that the company shall defend any claim against the insured, even if it is fraudulent, the insured binding herself to notify immediately any suit brought and that the insured shall cooperate with the company in the conduct of the suit and shall not, except at her own cost, make any payment, assume any obligation, or incur any expense. In other words, the company, pursuant to the terms of the policy, assumed absolute control of the suit in this case.

Based on these provisions the intervener holds that the company is bound to pay the award of fees.

Without stopping to consider whether the obligation assumed by the Maryland Casualty Company besides including costs and interest in excess of the limit of liability established in the contract of insurance, also includes the obligation to pay attorney's fees in excess of the aforesaid limit,

we are of the opinion that if the company, which by virtue of the contract, as we have seen, assumed absolute control of the case, decided to litigate, it placed itself in the same position as any other litigant in our courts and hence, is bound to pay attorney's fees, if the court determines, as it did here, that it has been obstinate, pursuant to the provisions of § 327 of the Code of Civil Procedure, as amended by Act No. 94 of 1937.[1]

The company can not assume control of the suit in order to allege, after having exhausted every remedy at its disposal and in a case which clearly falls under the provisions of the above-cited § 327, that the contract of insurance entered into with the tortfeasor releases it from the liability to pay the attorney's fees which it had been adjudged to pay. If instead of depositing in court the amount constituting the limit of liability under the policy, it chooses to litigate, it is under the obligation, as any other litigant, to pay attorney's fees. 'It can not take cover behind the policy to avoid paying what the law imposes upon every obstinate litigant. The award of fees, as well as that of costs, is solidary in these cases and the company is liable for its payment. *Cf. Cintrón* v. *Metro Taxicabs, Inc., ante,* p. 205.

The writt will be discharged.

---

[1] It should be noted that in the appeal on the merits the company did not allege in its assignment of errors, that it was not liable for the payment of attorney's fees under the limit of liability of the policy, but rather that the sum of $1,000 was excessive.